**2015–0629.  State v. Richardson.**
Montgomery App. No. 26191, 2015-Ohio-757. Reported at __ Ohio St.3d __, 2016-Ohio-8448, __ N.E.3d __. On motion for reconsideration. Motion denied.

**2015–0917.  T. Ryan Legg Irrevocable Trust v. Testa.**
Board of Tax Appeals, No. 2013–A–1469. Reported at __ Ohio St.3d __, 2016-Ohio-8418, __ N.E.3d __. On motion for reconsideration. Motion denied.

**2015–1048.  State v. Richardson.**
Montgomery App. No. 26191, 2015-Ohio-757. Reported at __ Ohio St.3d __, 2016-Ohio-8448, __ N.E.3d __. On motion for reconsideration. Motion denied.

**2015–1737.  Bibler v. Stevenson.**
Hancock App. No. 5–14–29, 2015-Ohio-3717. Reported at __ Ohio St.3d __, 2016-Ohio-8449, __ N.E.3d __. On amended motion for reconsideration. Motion denied.
    FRENCH, J., dissents.

**2016–0315.  State v. Lee.**
Franklin App. No. 14AP–1009, 2016-Ohio-122. Reported at __ Ohio St.3d __, 2016-Ohio-8469, __ N.E.3d __. On motion for reconsideration. Motion granted and cause held for decision in 2015–0677, *State v. Aalim.*
    FISCHER, J., dissents.

**2016–1344.  Payne v. State.**
In Habeas Corpus. Reported at 147 Ohio St.3d 1503, 2017-Ohio-261, 67 N.E.3d 822. On motion for reconsideration. Motion denied.
    O'CONNOR, C.J., not participating.

**2017-Ohio-906.]**

**1989–0846.  State v. Lott.**
Cuyahoga App. No. 54537. On motion for order or relief pursuant to S.Ct.Prac.R. 4.01. Motion denied.
    **O'NEILL, J., concurring.**

{¶ 1} I concur in the court's decision to deny the motion of appellant, Gregory Lott, to vacate his death sentence and remand the matter to the trial court for a new sentencing hearing on the authority of *Hurst v. Florida,* __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). I write separately to explain my vote and to reconcile it with my position that the death penalty is a cruel and unusual penalty and thus unconstitutional under the Eighth Amendment to the United States Constitution, *State v. Wogenstahl,* 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900 (O'Neill, J., dissenting).

{¶ 2} Nearly 30 years ago, Lott waived his right to a jury trial both in writing and by verbal agreement before the trial court. *Lott v. Bagley,* N.D.Ohio No. 1:04 CV 822, 2007 WL 2891272, *1 (Sept. 28, 2007). He was represented by counsel at the time and he did not challenge the validity of his waiver on appeal. *State v. Lott,* 51 Ohio St.3d 160, 162, 555 N.E.2d 293 (1990). In a petition for postconviction relief, Lott claimed that he was improperly induced to waive his right to a jury trial, but that issue was rejected because it was or could have been raised on direct appeal and thus was barred by res judicata. *State v. Lott,* 8th Dist. Cuyahoga Nos. 66388, 66389, and 66390, 1994 WL 615012, *8 (Nov. 3, 1994). Lott was represented at trial, on direct appeal, and during post conviction proceedings by different attorneys. *Lott v. Bagley* at *2, fn. 2 and 3; *see generally State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus (when a defendant represented by new counsel on appeal fails to raise a claim that trial counsel was incompetent, the issue is properly dismissed based on res